Filed 12/3/15  Wong v. Simpson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KEN WONG,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RAOUL R.L. SIMPSON,<br><br>    Defendant and Respondent. | A145971<br><br>(San Mateo County<br> Super. Ct. No. FAM0122005) |

The motion to dismiss the appeal filed by respondent Raoul R.L. Simpson is granted based on the lack of standing of appellant Ken Wong.  Under California law, " 'one who is legally 'aggrieved' by a judgment may become a party of record and obtain a right to appeal by moving to vacate the judgment pursuant to Code of Civil Procedure section 663. [Citations.]' " (*People v. Hy-Lond Enterprises, Inc*. (1979) 93 Cal.App.3d 734, 745.)  Here, it does not appear that appellant Ken Wong was a party to the underlying marital dissolution proceedings at the time the order being appealed from was made.[1]  Moreover, even assuming appellant Ken Wong is "legally aggrieved" by the challenged order, he failed to make a motion in the superior court to vacate this order in compliance with Code of Civil Procedure section 663.  Thus, in the absence of any evidence that appellant Ken Wong was a proper party to the proceedings between Raoul

---

[1]    The court records of the San Mateo Superior Court reflect that Ken Wong was not added as a claimant in the marital dissolution proceedings until August 12, 2015, two days after Wong filed the notice of appeal in this court.

1

Simpson and Vanessa Jade Wong when the order from which he purports to appeal was made, we agree with respondent that dismissal is appropriate.

Accordingly, the appeal filed by appellant Ken Wong is dismissed.  The cross-appeal filed by Vanessa Jade Wong may proceed at this time.

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.


*Ken Wong v. Raoul R.L. Simpson*, A145971